IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JASON P. FLEMING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 322-005 |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Jason P. Fleming appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

I.      BACKGROUND

Plaintiff protectively applied for DIB and SSI on April 12, 2013, alleging a disability onset date of June 1, 2012. Tr. ("R."), pp. 10-11. Plaintiff was thirty-seven years old at his alleged disability onset date and forty-seven years old when the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 19, 338-51. Plaintiff applied for disability benefits based on a combination of alleged impairments, including bipolar disorder, explosive disorder,

right knee injury, bursitis, and left carpal tunnel syndrome. R. 379. Plaintiff obtained a GED, and, prior to his alleged disability, accrued a relevant work history as a construction worker. R. 19, 380-81.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 143-60. Plaintiff then requested a hearing before an ALJ, (R. 189), and an ALJ held a hearing on September 17, 2014. R. 60-87. On November 13, 2014, ALJ G. William Davenport issued a decision finding Plaintiff not disabled, and, on March 18, 2016, the Appeals Council ("AC") vacated the decision and remanded the case for further proceedings. R 143-62, 163-67.

On August 22, 2017, ALJ John Maclean held a hearing and heard testimony from Plaintiff, who was represented by counsel, and Dennis P. Conroy, a Vocational Expert. R. 38. On October 20, 2017, the ALJ issued an unfavorable decision. R. 823. The AC denied Plaintiff's request for review, (R. 1-6), and Plaintiff brought suit in this Court on July 24, 2018. R. 914-16. On July 19, 2019, the Court reversed the decision of the Commissioner and remanded the case for further proceedings at the Social Security Administration. See R. 1-6; Fleming v. Saul, CV 318-054, 2019 WL 3283166 (S.D. Ga. June 27, 2019), adopted by, CV 318-054, 2019 WL 3284757 (S.D. Ga. July 19, 2019).

Upon remand, ALJ Geoffrey S. Casher held a hearing on February 6, 2020. R. 794-822. On March 4, 2020, the ALJ issued a decision finding Plaintiff not disabled, and, on March 4, 2021, the AC vacated the decision and remanded the case for further proceedings. R. 873-97, 898-903. On November 18, 2021, ALJ Casher held another hearing. R. 773-93. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Patsy V. Bramlett, a

Vocational Expert. R. 773. On December 3, 2021, the ALJ issued an unfavorable decision, finding Claimant "not disabled." R. 762-63. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 31, 2010, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.).

2. The claimant has the following severe impairments: bursitis of the knee, bipolar disorder, generalized anxiety disorder, and intermittent explosive disorder. (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[1] including the ability to stand and walk for six hours of an eight-hour workday and six or more hours of seated work, except he can frequently perform bending, balancing, stooping, kneeling, crouching, and crawling. He can frequently climb ramps and stairs, but he cannot climb ladders, ropes, or scaffolds. He should not have exposure to extremes of cold. He can have occasional exposure to hazardous conditions such as unprotected heights, dangerous machinery, and uneven surfaces. He has further limits of simple routine and repetitive tasks; no work at piece paid type work; occasional interaction with the public, though there should be no problem solving, transactional type interaction with the public; and occasional interaction with coworkers and

---

[1]"Light work" is defined as work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

supervisors. He is able to maintain attention and concentration for two-hour blocks of time during an eight-hour workday. He is able to maintain regular attendance and be punctual within customary tolerances. He is able to sustain ordinary routine without special supervision. He is able to accept and respond to direction and criticism from supervisors. He is able to avoid normal workday hazards and take appropriate precautions. The claimant is unable to perform any past relevant work. (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)). The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2010, through the date of this decision. (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 749-63.

Upon the ALJ's post-remand decision, the Commissioner's decision became "final" for the purpose of this judicial review. 42 U.S.C. § 405(g). Plaintiff filed the current civil action requesting reversal or remand of the adverse decision. (Doc. no. 1.)

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine

whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

III.  **DISCUSSION**

Plaintiff contends the Commissioner's post-remand decision is not supported by

substantial evidence, arguing : (1) the ALJ erred in failing to find Plaintiff suffered from a mental impairment in Listing 12.00; (2) the ALJ erred in assigning no weight to the opinions of the licensed professional counselor and licensed clinical social worker treating Plaintiff; (3) the ALJ erred in failing to attribute significant weight to the third party function report submitted by Plaintiff's wife and provided invalid reasons for doing so, thereby violating this Court's remand order; (4) the ALJ erred in stating that Plaintiff was not credible, without citing sufficient evidence to that effect and in failing to reconcile partial statements with Plaintiff's testimony of record; and (5) the ALJ erred in finding Plaintiff not disabled, when language in his decision seems to support a finding of disability. See doc. no. 9 ("Pl.'s Br."); doc. no. 11 ("Pl.'s Reply.")  Plaintiff's fifth argument for remand was not mentioned outside of the heading of Plaintiff's brief and is therefore waived. See Hamilton v. Southland Christian Sch., 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

The Commissioner maintains (1) the ALJ's decision is supported by substantial evidence that Plaintiff's mental impairments did not meet or equal a listing; (2) the ALJ properly weighed the non-medical opinion evidence; and (3) substantial evidence supports the ALJ's subjective symptom finding. See doc. no. 10 ("Comm'r's Br.")  As explained below, none of Plaintiff's arguments form a valid basis for reversal or remand.

  A.  **The ALJ Properly Evaluated Plaintiff's Mental Impairments Under Listing 12 at Step Three**

At step three of the evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any gainful activity. Davis v.

Shalala, 985 F.2d 528, 532 (11th Cir. 1993).  Plaintiff bears the burden of showing that his condition meets or equals a Listing.  Castle v. Colvin, 557 F. App'x 849, 852 (11th Cir. 2014) (*per curiam*); Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

To meet a Listing, Plaintiff must satisfy all specified medical criteria; "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify."  Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'"  Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citations omitted).  When a claimant's condition meets or equals a Listing, the Commissioner must find the claimant disabled without regard to the claimant's age, education, or previous work experience.  20 C.F.R. §§ 404.1520(d) & 416.920(d).

Listing 12 consists of (1) an introductory paragraph describing the disorder(s) addressed by the listing; (2) a set of medical findings, referred to as the "paragraph A criteria"; (3) a set of impairment-related functional limitations, referred to as the "paragraph B criteria"; and, in some cases, (4) additional functional criteria, referred to as the "paragraph C criteria."  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A).  For an impairment to meet one of these listings, it must satisfy both the diagnostic description in the introductory paragraph and the criteria for both paragraphs A and B, or A and C, when appropriate.  Id.  Under paragraph B, the four areas of mental functioning are  (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; or (4) adapting or managing oneself."  Pinckney v. Comm'r of Soc. Sec., 853 F. App'x 347, 349 (11th Cir. 2021) (*per curiam*) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05B(2)).

> The Social Security Regulations elaborate the areas of mental functioning relevant to the adaptive functioning determination as follows. *Id.* § 12.00(E).

7

> Understanding, remembering, or applying information refers to the claimant's abilities to learn, recall, and use information to perform work activities, e.g., understanding and learning terms, instructions, and procedures; following one- or two-step oral instructions to carry out a task; and describing work activity to someone else. Interacting with others refers to the claimant's abilities to relate to and work with supervisors, co-workers, and the public, e.g., cooperating with others, asking for help when needed, initiating, or sustaining conversation, and understanding and responding to social cues. Concentrating, persisting, or maintaining pace refers to the claimant's abilities to focus attention on work activities and stay on task at a sustained rate, e.g., initiating and performing a task, completing tasks in a timely manner, and sustaining an ordinary routine and regular attendance at work. Finally, adapting or managing oneself refers to the claimant's abilities to regulate emotions, control behavior, and maintain well-being in a work setting, e.g., responding to demands, making plans independently of others, and maintaining personal hygiene and attire appropriate to a work setting.

Id. at 350 (citations omitted). A claimant has a moderate limitation if "functioning in th[e] area independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00F(2)(c). A claimant has a marked limitation if "functioning in th[e] area independently, effectively, and on a sustained basis is seriously limited." Id. § 12.00F(2)(d). To satisfy a Listing, the claimant must have one extreme limitation or two marked limitations in the paragraph B domains of functioning.

Plaintiff focuses his Listings argument on the ALJ's determination that Plaintiff had a moderate -- rather than marked or extreme limitation -- in his ability to interact with others. The record provides substantial evidence supporting the ALJ's determination. Despite difficulty at time of interacting with people, and occasional bouts of violence, Plaintiff's treatment records show that, when he is compliant with his medications and treatment regimen, he is stable and successfully interacts with others on a daily basis. R. 753. While Plaintiff may experience higher than normal levels of stress and anxiety when interacting with others, his treatment records disclose he is nevertheless able to cope and refrain from responding with violent outbursts. R. 753. The

8

record shows Plaintiff has not required any emergency room treatment or inpatient psychiatric treatment, and he has never been arrested because of violent outbursts. R. 753. Furthermore, as the ALJ noted, Plaintiff's past explosive outbursts came at times when Plaintiff failed to comply with treatment, drank alcohol, and/or failed to take his medication. R. 753.

For all of these reasons, substantial evidence supports the ALJ's findings regarding the extent of Plaintiff's functional limitations under the paragraph B criteria, including that his ability to interact with others is neither marked nor extreme.

### B. The ALJ Gave Proper Weight to the Medical Opinions by the Social Worker and Licensed Professional Counselor in the RFC Determination

For claims filed prior to March 27, 2017, as is the case here, when considering how much weight to give a medical opinion, the ALJ must consider a number of factors: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization. Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (per curiam) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

Under these regulations, the opinions of examining physicians are given more weight than non-examining physicians, and the opinions of treating physicians are given more weight than non-treating physicians. See 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). Thus, the Commissioner's regulations require the ALJ to give a treating physician's opinion substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Failure to give a treating physician's opinion substantial weight requires the ALJ to show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen,

816 F.2d 578, 581 (11th Cir. 1987); see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*) ("The ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'"). Courts will not "second guess" the ALJ's determination of the treating physician's opinion, so long as the ALJ articulates specific justification for it. Hunter v. Soc. Sec. Admin., Comm'r, 808 F.3d 818, 823 (11th Cir. 2015).

As discussed above, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011). However, the ALJ need not articulate how it considered the factors for each medical opinion or prior administrative medical finding from one medical source individually. Freyhagen v. Comm'r of Soc. Sec. Admin., No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing 20 C.F.R. § 404.1520c(b)(1) (2017)). "Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), [the Commissioner] will articulate how [it] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis." 20 C.F.R. §§ 416.920c(b)(1) (2017) & 404.1520c(b)(1) (2017).

When specifically considering "other medical sources," the ALJ does not need to give these sources controlling weight, but still must consider them in his analysis. Farnsworth v. SAA, 636 F. App'x. 776, 781 (11th Cir. 2016) (*per curiam*); 20 C.F.R. §§ 404.1513(a), 416.913(a); 20 C.F.R. §§ 404.1513(d)(1), 404.1527(c), 416.913(d)(1), 416.927(c); SSR 06-03p, 2006 SSR LEXIS 5, *4, 2006 WL 2329939, at *2, *6. "Other sources," for example, include medical sources who are not "acceptable medical sources," such as licensed clinical social workers. See SSR 06-03p, 2006 SSR LEXIS 5, *4, 2006 WL 2329939, at *2, *6.

Plaintiff argues the ALJ erred in failing to specify the weight given to the opinions of the counselor and social worker who treated Plaintiff. Plaintiff argues the ALJ was "required to state with particularity the weight given." Id. However, these professionals are not considered treating physicians or examiners, rather they are "other medical evidence" the ALJ must still consider but is not required to give significant weight. See e.g., Anteau v. Comm'r of Soc. Sec., 708 F. App'x 611, 612 (11th Cir. 2017) (*per curiam*) (holding social worker's opinion was "other medical source," so ALJ was not required to give opinion significant weight); Farnsworth, 636 F. App'x at 781-82 (explaining mental health counselors are not physicians or psychologists and are not acceptable medical sources under the regulations).

Here, the ALJ states the counselor and social worker were "not given significant weight in this decision," as both are not "acceptable medical sources." R. 758-59. Indeed, both are not Plaintiff's physicians, examiners, or psychologists. The ALJ committed no error when assigning no weight to these opinions and there is substantial medical evidence supporting the ALJ's determination that Plaintiff is not disabled.

    **C.**    **The ALJ Gave Proper Weight to the Wife's Third-Party Function Report**

Pursuant to the regulations, in addition to evidence from acceptable medical sources, the ALJ "may also use evidence from other sources to show the severity" of the claimant's impairment and how it affects the claimant's ability to work. 20 C.F.R. § 404.1513(d). "Other sources" include spouses that can provide third-party function reports. Id. § 404.1513(d)(4). Social Security Ruling 06-03p, 2006 SSR LEXIS 5 provides:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the

11

determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

When considering the overall evidence, "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) (quoting Dyer, 395 F.3d at 1211); see also Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808-09 (11th Cir. 2013) ("the ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits").

If a third-party function report is cumulative of other evidence in the record, an ALJ will not be reversed if the report is not separately mentioned or the ALJ does not provide specific reasons for relying upon it.  See, e.g., De Olazabal v. Soc. Sec. Admin., Comm'r, 579 F. App'x 827, 832 (11th Cir. 2014) (*per curiam*) ("Because [husband's report] was cumulative of other evidence in the record and, . . . the ALJ properly considered the medical evidence in the record and her own testimony, the fact that the ALJ did not separately discuss the report or provide specific reasons for not relying upon it is harmless."); Hanback v. Comm'r, SSA, 581 F. App'x 840, 841 (11th Cir. 2014) (*per curiam*) (holding ALJ sufficiently considered third-party function report completed by plaintiff's friend and rejected report with substantial evidence).

Here, Plaintiff argues the ALJ did not fully evaluate his wife's report and erred by failing to assign it significant weight because "she provides little information of specific limitations or symptoms."  Pl's Br. p. 12.  In this Court's previous order, the Court expressly stated that it "offers no opinion on what a complete and accurate review of the administrative record might conclude"

12

on Plaintiff's claim. R. 863; CV-121-137. In its prior review of this case, this Court explained the ALJ is "not required to give special significance or consideration to Mrs. Fleming's report . . . ." R. 861-63. The ALJ did not err in its review of the report. The ALJ explains, with detailed references to an abundance of medical and non-medical exhibits as discussed above, why and how he determined Plaintiff's RFC. See R. 757-59. With respect to the wife's report, the ALJ properly outlines and states "neither the claimant nor his wife provided much information or description of how the claimant's conditions resulted in physical limitations." R. 755. The ALJ does not fail to state the weight given to the report. Instead, the ALJ explicitly writes that Ms. Fleming's statements are given "some weight, but not significant weight, because she provides little information on specific limitations or symptoms." R. 755.

Further, the ALJ goes on to contrast the wife's report with instances in the record where Plaintiff claims the opposite, such as how Plaintiff claims to go to social outings, drives himself places, and does not typically have anger outbursts. See R. 758-59, 760, 762. The ALJ reviewed the entire record and considered all of the evidence when evaluating claimant's medical condition as a whole. Thus, ALJ did not err, and substantial evidence supports the decision.

    **D.**    **The ALJ's Decision Properly Discounts Plaintiff's Subjective Complaints**

Plaintiff argues the ALJ erred because he did not articulate his finding of credibility as to the Plaintiff's claims. Pl.'s Br. p. 13. The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined

13

medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id.

When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The ALJ's credibility determination does not need to "cite particular phrases or formulations, but it cannot merely be a broad rejection" which is not enough to enable a court to conclude that the ALJ considered the Plaintiff's medical condition as a whole. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005); Carman v. Astrue, 352 F. App'x 406, 408 (11th Cir. 2009) (*per curiam*) (concluding "the ALJ articulated various inconsistencies in Carman's evidence that a reasonable person could conclude supported the ALJ's finding that Carman's subjective complaints of pain were not entirely credible, [t]hus . . . substantial evidence supported the ALJ's finding.").

Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or no treating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)). However, as explained *supra*, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. See SSR 96-5p; see also 20 C.F.R. § 416.927(d).

"Credibility determinations are, of course, for the [Commissioner], not the courts." <u>Ryan v. Heckler</u>, 762 F.2d 939, 942 (11th Cir. 1985).  Social Security Ruling 16-3p, clarifies:

> that subjective symptom evaluation is not an examination of an individual's character. . . .
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms. We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

SSR 16-3p, 2016 WL 1020935, at *14167 (orig. publ. Mar. 16, 2016).  Moreover, this Court is required to uphold the Commissioner's determination regarding subjective complaints if it is supported by substantial evidence.  <u>Fortenberry v. Harris</u>, 612 F.2d 947, 950 (5th Cir. 1980).[2]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations, but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

<u>Dyer</u>, 395 F.3d at 1210-11 (internal quotation marks and citations omitted).  Here, the ALJ properly conducted the <u>Holt</u> analysis and reached the conclusion that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the evidence contained in the record.  R. 756.

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

The ALJ properly contrasted Plaintiff's subjective complaints with the objective medical reports in assessing Plaintiff's claimed level of impairment. R. 758-61. The ALJ articulated various inconsistencies in Plaintiff's evidence as compared with the medical record. For example, Plaintiff admits he was unstable and experiencing difficulty interacting with others even though he was taking his medication in March 2021, but the record shows he was not taking his medication regularly. R. 760. In fact, when he takes his medication as prescribed, records reflect he is pleasant, friendly, and cooperative. R. 660, 758-59. The medical records from Community Mental Health demonstrated Plaintiff's symptoms were stable for two years when he regularly took his medicine, and exacerbations arose when he chose not to take his medicine. R. 761.

Plaintiff alleges his mental conditions affect his ability to understand, remember, and apply information, yet claimant's activities and psychologist Dr. Muller's reports show the opposite. R. 758-61. Dr. Muller personally examined Plaintiff, noting he could carry out instructions and maintain concentration, and had an intact memory. R. 758. In 2013, Plaintiff alleged he had upper back pain, bursitis of the knee, chronic knee pain, and other issues, but examining physician Dr. Kulkarni personally observed claimant walk without a limp, noted Plaintiff had a full range of motion in all joints, and further examinations showed his right knee had no swelling. R. 757.

The above examples are several of many inconsistencies the ALJ articulates in his decision. A claimant has the burden of proving his disability and is responsible for providing evidence in support of the claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Thus, while Plaintiff may subjectively allege the opposite, the substantial evidence from consideration

of the entire record supports the ALJ discrediting of Plaintiff's complaints. Plaintiff's arguments form no basis for reversal or remand.

IV. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 11th day of October, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA